AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court

### for the
### Western District of New York

**FILED OCT 24 2023**

**United States of America**

**v.**

Case No. 23-mj- 5219

**HOWARD HINKLE, JR., and**
**DILLON ANDERSON**

*Defendants*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

### COUNT 1
#### (Felon In Possession of a Firearm)

On or about the date of October 24, 2023, in the County of Erie, in the Western District of New York, the defendant, **HOWARD HINKLE, JR.**, knowing that he had previously been convicted on or about September 10, 2007, in County Court, Alleghany County, New York, of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearms, all in violation of **Title 18, United States Code, Section 922(g)(1).**

### COUNT 2
#### (Maintaining a Drug Involved Premise)

On or about October 24, 2023, in the Western District of New York, the defendants, **HOWARD HINKLE JR.**, and **DILLON ANDERSON**, did knowingly, intentionally, and unlawfully maintain a drug involved premises, namely 4290 Donovan Road, Almay, NY 14895, all in violation of **Title 21, United States Code, Section 856**, and **Title 18, United States Code, Section 2.**

### COUNT 3
#### (Possession of Marijuana with Intent to Distribute and 100 or More Marijuana Plants)

On or about October 24, 2023, in the Western District of New York, the defendants, **HOWARD HINKLE JR.**, and **DILLON ANDERSON**, did knowingly, intentionally, and

unlawfully possess with intent to distribute, marijuana and 100 or more marijuana plants. All in violation of **Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(vii)**, and **Title 18, United States Code, Section 2**.

**COUNT 4**
**(Possessing a Firearm in Furtherance of Drug Trafficking Crimes)**

On or about October 24, 2023, in the Western District of New York, the defendants, **HOWARD HINKLE JR.**, and **DILLON ANDERSON**, during and in relation to drug trafficking crimes for which they may be prosecuted in a court of the United States, that is, a violations of Title 21, United States Code, Section 841(a)(1) and 856(a)(1), committed in the manner set forth in Count 3 of this Criminal Complaint, the allegations of which are incorporated herein by reference, did knowingly and unlawfully possess a firearm.

**All in violation of Title 18, United States Code, Section 924(c)(1)(A) and 2.**

This Criminal Complaint is based on these facts:

☒  Continued on the attached sheet.

*Adam Penna*
_____
*Complainant's signature*
ADAM PENNA
SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATIONS
*Printed name and title*

Sworn to telephonically.

Date: October 24, 2023

_____
*Judge's signature*
HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

City and State:  Buffalo, New York

2

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

STATE OF NEW YORK   )
COUNTY OF ERIE        )    SS:
CITY OF BUFFALO       )

I, **ADAM PENNA**, being duly sworn, depose and state:

### AGENT BACKGROUND AND INTRODUCTION

1.      I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been so employed since 2015.  I am currently assigned to the Buffalo Field Office and to the White Collar Crime Squad within that office.  My duties include the investigation of public corruption offenses. Previously, I was assigned for approximately 3 years to work border corruption cases with the FBI while stationed in Yuma, Arizona, which is located along the United States border with Mexico.  Additionally, I spent approximately 3 years working public corruption cases with the FBI while stationed in Newark, New Jersey.  As such, I am an investigator or law enforcement officer of the United States, within the meaning of Title 18, United States Code, Section 2510(7), and I am empowered by law to conduct investigations of, and to make arrests for, the offenses enumerated in Title 18, United States Code, Section 2516.  Prior to becoming a Special Agent, I was employed as a civil litigation attorney for approximately 2 years in Buffalo, New York.

2.      I have participated in several investigations regarding witness tampering and retaliation, organized crime, firearm offenses, and drug trafficking.  During said investigations, I have conducted physical and wire surveillance, executed search warrants,

and reviewed and analyzed recorded conversations and records of retaliators, criminal conspirators, members of organized crime, unlawful possessors of firearms, and drug traffickers. Through my training, education, and experience (including debriefing cooperating witnesses, monitoring wiretapped conversations, and conducting surveillance on numerous occasions of individuals engaged in criminal activities), I have become familiar with, the manner in which witnesses are subject to retaliation, conspiracies take form, illegal drugs are purchased, imported, and distributed, and the efforts of persons involved in such activities to avoid detection by law enforcement. My investigative experience detailed herein, as well as the experience of other law enforcement agents who are participating in this investigation, and information provided to me by cooperating sources, serve as the basis for the opinions and conclusions set forth herein.

3.    I have personally participated in the investigation set forth below. I am familiar with the facts and circumstances of the investigation through my personal participation, discussions with other agents of the FBI, HSI, and other law enforcement officials, interviews of witnesses, and my review of relevant records and reports. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided by an FBI agent, law enforcement officer, or witness who had either direct or hearsay knowledge of that statement, to whom I or others have spoken or whose reports I have read and reviewed. Such statements are among statements made by others and are stated in substance and in part unless otherwise indicated. Any interpretations or opinions rendered in this affidavit are based on my training and experience, and upon my consultation with other experienced investigators, in the context of the facts of this investigation.

4.    I have set forth only the facts that I believe are necessary to establish probable cause that:

    a.  **HOWARD HINKLE, JR.** ("**HINKLE**") has committed violations of Title 18, United States Code, 922(g)(1) (felon in possession); and

    b.  **HINKLE** and **DILLON ANDERSON** ("**ANDERSON**") have committed violations of: Title 21, United States Code, Section 856 (maintaining a drug-involved premises); Title 21 United States Code, Sections 841(a)(1) and (b)(1)(B)(vii) (possession with intent to distribute marijuana); Title 18, United States Code, Section 924(c) (possession of a firearm in furtherance of a drug trafficking crime); and Title 18, United States Code, Section 2 (aiding and abetting)

(hereinafter, the "Enumerated Offenses").

5.    This affidavit is provided for the limited purpose of establishing probable cause to support the attached complaint and therefore does not contain each and every detail of the investigation.

## **PROBABLE CAUSE**

6.    On October 22, 2023, the FBI obtained a federal search warrant (the "Warrant") authorizing the search of **HINKLE** and **ANDERSON'S** residence at 4290 Donovan Road, Almay, NY 14895 (the "4290 Donovan Road").

7.    In executing the Warrant on October 24, 2023, FBI agents discovered in plain view multiple firearms, marijuana plants, and other evidence consistent with a large-scale marijuana-grow operation.

8.    Photos of the firearms observed in plain view are as follows:

 

4







9.      Among these firearms are a suspected Savage Model 64, a semi-automatic .22 LR rifle made by Savage Arms and, not pictured, a Ruger 22.  On October 24, 2023, Special Agent William Farnham, a certified Firearms Interstate Nexus Expert with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), was consulted and provided an interstate nexus determination of the above-mentioned firearms, found at **HINKLE'S** residence.  SA Farnham determined, based upon his personal knowledge, experience, and research, that the above-mentioned firearms were manufactured outside of the State of New York and would have traveled in and affected interstate commerce prior to their recovery in the State of New York.  Additional firearms—19 in total—located at **HINKLE** and **ANDERSON'S** residence will be analyzed at a later date.

10.      In addition, multiple boxes of ammunition could be seen in plain view.

11.      During an interview with law enforcement, **HINKLE'S** wife, **ANDERSON** claimed that all the firearms and ammunition belonged to her.  But when agents asked **ANDERSON** whether **HINKLE'S** fingerprints and DNA would be found on the firearms, **ANDERSON** paused for an extended period.  Ultimately, **ANDERSON** responded by questioning why **HINKLE'S** DNA and fingerprints would matter to law enforcement.

12.      Moreover, the circumstances belie the claim that all firearms and ammunition belong to her and indicate that the firearms and controlled substances are in the custody, possession, and control of both **HINKLE** and **ANDERSON**.  For instance, on December 9, 2021, **ANDERSON** called 911 to report a domestic disturbance at 4290 Donovan Road.

According to a report of the 911 call, **HINKLE** had left 4290 Donovan Road and "d[id] have a 22 with him and a shot gun or a rifle" and threatened "to shoot caller"—**ANDERSON**—"and himself." **ANDERSON** reported that **HINKLE** "grabbed the 22 run [sic] when he left." During the execution of the Warrant, FBI agents observed in plain view a .22 rifle, among other firearms.

13.    **HINKLE**, notably, is a convicted felon and, therefore, cannot lawfully possess firearms. Specifically, on September 10, 2007, **HINKLE** was convicted of Attempted Assault in the 2nd Degree in Allegany County Court, in violation of NY PL 120.05, a Class E felony.

7

14.    Other evidence also connects **HINKLE** to the firearms.  For example, while executing the Warrant, FBI agents observed in plain view multiple marijuana plants—over 100 in total—some of which are pictured as follows:




8



15.    Indeed, in plain view, agents observed two firearms next to a storage bin containing multiple jars of marijuana and a digital scale.  Both the firearms and the storage bin of marijuana were found by a window overlooking marijuana plants.   It appeared that most of the 19 firearms discovered in plain view were strategically located in proximity to the residence's points of entry.  Moreover, it appears that some of the firearms were loaded.

10



Marijuana plant

Firearms

Storage bin containing jars of marijuana

Digital scale

11

16.     Later, when clearing the basement of 4290 Donovan Road, FBI agents observed—also in plain view—ammunition, marijuana, grow lights, other equipment used to sustain a large-scale grow operation in the basement of the residence.  Those materials are pictured as follows:





**Ammunition**



17.    **ANDERSON**, during an interview with law enforcement, stated that the marijuana plants belonged to **HINKLE**. Notably, all of the marijuana and firearms inside the residence were accessible to both **ANDERSON** and **HINKLE**. Based upon my training and experience, firearms are among the common tools of the drug trafficking trade. Moreover, based on this training and the close proximity between firearms and ammunition, on the one hand, and the marijuana and marijuana-grow operation material, on the other, it is reasonable to conclude **HINKLE** unlawfully possessed the firearms in violation of Title 18, United States Code, Section 922(g)(1), and **HINKLE** and **ANDERSON** unlawfully possessed the firearms in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

13

18.     In particular, there is considerable evidence connecting both **HINKLE** and **ANDERSON** to the marijuana grow operation. **HINKLE** and **ANDERSON** used a white RV parked in the driveway of 4290 Donovan Road to dry the marijuana they grew throughout their property. Photos of that RV—and the stalks of marijuana it was used to dry—are listed below:

19.     To ensure law enforcement safety, and pursuant to the October 22nd Warrant, the FBI SWAT team cleared the RV. Prior to entering it, agents could smell an overwhelming and unmistakable scent of marijuana emitting from the RV. Agents opened the door of the RV and saw in plain view several stalks of drying marijuana, lamps, and drying racks, pictured as follows.









20.    Based on **ANDERSON'S** statement that the marijuana belonged to **HINKLE**, the 100-plus marijuana plants found on the premises of 4290 Donovan Road, the storage bin containing marijuana found adjacent to two firearms within the residence, the numerous firearms found in plain view, the evidence of drug distribution and manufacturing found throughout the residence, there is probable cause to believe that **HINKLE** committed violations of Title 18, United States Code, 922(g)(1) (felon in possession); Title 21, United States Code, Section 856 (maintaining a drug-involved premises); Title 21 United States Code, Sections 841(a)(1) and (b)(1)(B)(vii) (possession with intent to distribute marijuana); Title 18, United States Code, Section 924(c) (possession of a firearm in furtherance of a drug trafficking crime); and Title 18, United States Code, Section 2 (aiding and abetting); and that **ANDERSON** committed violations of Title 21, United States Code, Section 856 (maintaining a drug-involved premises); Title 21 United States Code, Sections 841(a)(1) and (b)(1)(B)(vii) (possession with intent to distribute marijuana); Title 18, United States Code, Section 924(c) (possession of a firearm in furtherance of a drug trafficking crime); and Title 18, United States Code, Section 2 (aiding and abetting)

16

## CONCLUSION

WHEREFORE, based upon the foregoing, I respectfully submit that there is probable cause to believe that **HOWARD HINKLE, JR.** and **DILLON ANDERSON** have committed violations of the Enumerated Offense.

*Adam Penna*

_____
ADAM J. PENNA
Special Agent
Federal Bureau of Investigation

Sworn to and subscribed telephonically
this 24th day of October, 2023.

_____
HONORABLE MICHAEL J. ROEMER
United States Magistrate Judge

17