IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                                        23-CR-99-LJV-JJM

SIMON GOGOLACK, et al.,

              Defendants.

## GOVERNMENT'S RESPONSE TO DEFENDANT HINKLE'S MOTION FOR RELEASE

**THE UNITED STATES OF AMERICA**, by and through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, Joseph M. Tripi, Nicholas T. Cooper, Casey L. Chalbeck, and Caitlin M. Higgins, Assistant United States Attorneys, of counsel, hereby files a response to defendant Hinkle's motion for release[1] (*see* Docket No. 174).

### PROCEDURAL BACKGROUND

The Court is familiar with the factual background regarding detention as to this defendant. *See, e.g.*, Docket No. 112.[2] To date, the defendant has unsuccessfully challenged his detention before Judge Sinatra, this Court, and the Second Circuit. *See* 23-mj-05219, Docket Nos. 12 and 14; *see* also Docket Nos. 98, 112. On July 26, 2024, the defendant filed another motion for release "based on what counsel anticipated to be a potential dismissal of the charges against him." *See* Docket No. 174-1. The defendant subsequently withdrew that motion and refiled a motion requesting that the Court release him on reasonable conditions.

---

[1] The government interprets the defendant's motion to be a motion to reopen the detention hearing.
[2] Unless otherwise denoted, all references to the Docket are to 23-cr-99.

*See id.*  In this motion, he contends that this Court's "order of July 29, 2024 constitutes a substantial change in circumstances that would warrant his immediate release." *Id.* at 2-3. Moreover, he asserts that because litigation will ensue with respect to discovery issues, *see* Docket No. 173, the defendant "should not remain in custody while these matters are litigated." *Id.* at 3.  For all the reasons stated below, the Court should deny the defendant's motion.

## ARGUMENT

**I.  THE COURT SHOULD DENY THE DEFENDANT'S MOTION TO REOPEN THE DETENTION HEARING.**

Under the Bail Reform Act, a court has discretion to reopen a bail hearing if information comes to light that is both new and material to the detention question.  *See United States v. Zhang*, 55 F.4th 141, 148 (2d Cir. 2022) ("As an initial matter, we emphasize that the Bail Reform Act states only that a hearing 'may' be reopened if new and material information is presented.  The Act therefore leaves the decision to reopen a hearing to the sound discretion of the district court." (internal citations omitted)).  Specifically, a "hearing" "may be reopened" if:

> the judicial officer finds that information exists that *was not known* to the movant at the time of the hearing and that has a *material* bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2)(B) (emphases added).

In other words, a detention hearing may be re-opened if a movant identifies (1) new information that is (2) material to his detention.  *See id.*  In that vein, new information — or material information — alone is insufficient to reopen a detention hearing.  *United States v. Maxwell*, 527 F.Supp.3d 659, 663 (S.D.N.Y. 2021).  "A court's prior detention determination

2

is a natural reference point against which to measure the materiality of new information for the purpose of reopening the hearing - that is, revisiting its earlier decision." *Zhang*, 55 F.4th at 147. If the information would not change the court's previous decision, it is not "material." *United States v. Hinkle*, No. 123CR00099LJVJJM, 2024 WL 1486072, at *1 (W.D.N.Y. Apr. 5, 2024). "If the new information would not change the court's previous decision, it is not material." *Id.*

Moreover, "[n]ew and material information for Section 3142(f)(2)(B) purposes consists of something other than a defendant's own evaluation of his character or the strength of the case against him," and must be rooted in "truly changed circumstances, something unexpected, or a significant event," *United States v. Quinones*, No. 13 CR 83S, 2016 WL 1694998, at *1 (W.D.N.Y. Apr. 28, 2016) (emphasis added) (quoting *United States v. Jerdine*, No. 08 CR 0481, 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009)), that "increase the likelihood that the defendant will appear at trial" or "show that the defendant is less likely to pose a danger to the community," *United States v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012) (unpublished); *see also United States v. Bothra*, No. 20-1364, 2020 WL 2611545, at *1 (6th Cir. May 21, 2020) (unpublished) ("Courts . . . requir[e] a showing of truly changed circumstances or a significant event.").

Here, the Court should deny the defendant's motion to reopen the detention hearing because he does not identify a change in circumstances that either increase the likelihood that he will appear at trial or show that the defendant is less likely to pose a danger to the community. Instead, he relies solely on the assertion that he should not have to remain detained pending the discovery litigation. But "the maximum length of detention is limited by the stringent time limitations of the Speedy Trial Act," and, thus, his protection vis-à-vis

3

delay in this case lies there. *See United States v. Salerno*, 481 U.S. 739, 747, 107 S. Ct. 2095, 2101 (1987). Moreover, exclusions from the Speedy Trial clock under 18 U.S.C. § 3161 apply to pretrial detention under 18 U.S.C. § 3164, which states that:

> The trial of any person described in subsection (a)(1) or (a)(2) of this section shall commence not later than ninety days following the beginning of such continuous detention or designation of high risk by the attorney for the Government. The periods of delay enumerated in section 3161(h) are excluded in computing the time limitation specified in this section.

18 U.S.C. § 3164.

To date, the defendant has been incarcerated for nine months. At this point, the Court has not ruled as to void the Speedy Trial Act exclusions in this case. *See* Docket No. 173 at 2. The defendant fails to proffer any evidence or change in circumstance bearing on Judge Sinatra's decision that "by clear and convincing evidence . . . [the defendant's] release would pose a danger to the safety of others in the community, and that no condition or combination of conditions will assure the safety of others or the community if [the defendant] was released pending trial." November 3, 2023, Tr. at 60-61. Thus, the Court should deny the defendant's motion because there has been no change in circumstance, material or otherwise, warranting reopening of the detention hearing as to this defendant.

## CONCLUSION

For all the reasons stated above, the Court should deny the defendant's motion to reopen the detention hearing.

DATED: Buffalo, New York, August 15, 2024.

TRINI E. ROSS
United States Attorney

4

5

        BY:    s/ CAITLIN M. HIGGINS
                Assistant United States Attorneys
                United States Attorney's Office
                Western District of New York
                138 Delaware Avenue
                Buffalo, New York 14202
                (716) 843-5818
                Caitlin.Higgins@usdoj.gov