UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

           v.

SIMON GOGOLACK, a/k/a Greek,
PETER GERACE, JR.,
JOHN THOMAS ERMIN, a/k/a Tommy O,
MICHAEL RONCONE, a/k/a Cone,
FRANK KNIGHT, and
HOWARD HINKLE, JR., a/k/a Hard How,

           Defendants.
_____

**DECISION AND ORDER**

1:23-CR-00099 EAW

      Pending before the undersigned is a motion to dismiss filed by defendant Howard Hinkle. (Dkt. 407). Hinkle brings his motion pursuant to Rule 12(b)(3)(B)(v) of the Federal Rules of Criminal Procedure, which permits dismissal of an indictment for failure to state an offense. Hinkle contends that counts 1 through 3 of the second superseding indictment[1] are facially insufficient, since they fail to state with particularity any specific criminal allegations and contain blanket statements that are conclusory in nature and fail to amount to a statutory offense. (Dkt. 407-1 at ¶ 2). In support of this argument, Hinkle cites various paragraphs in the second superseding indictment, arguing that each of those paragraphs fails to allege a criminal offense. (*See, e.g.*, *id*. at ¶¶ 5, 7, 8-17).

---

[1]     Hinkle's moving papers indicate that he is seeking dismissal of counts 1 through 3 of the second superseding indictment. (*See* Dkt. 407-1 at 4). Hinkle is also charged in counts 19 through 22, but his motion does not seek dismissal of those counts.

- 1 -

The government argues in response that the Court should deny Hinkle's motion since it misunderstands the law applicable to overt acts and the Rule 12(b)(3) standard for dismissing an indictment. (Dkt. 423 at 110). Hinkle has also filed a reply brief in further support of his motion to dismiss, which reiterates his argument that the second superseding indictment fails to explain how his alleged conduct amounted to a crime. (Dkt. 429).

Count 1 of the second superseding indictment charges a conspiracy to obstruct justice in violation of 18 U.S.C. § 371, based on a conspiracy to defraud the United States by corruptly endeavoring to influence, obstruct, and impede the administration of justice in the Western District of New York, including by preventing Crystal Quinn from testifying as a government witness at various federal proceedings. Count 2 charges a witness tampering conspiracy in violation of 18 U.S.C. § 1512(k), based on a conspiracy to kill, use physical force, and intimidate Quinn to prevent or delay her from testifying and attending federal proceedings in Case Numbers 19-CR-227 and 23-CR-37, and also to intimidate her to prevent her from communicating with law enforcement. Count 3 charges a witness retaliation conspiracy in violation of 18 U.S.C. § 1513(f), based on a conspiracy to retaliate against Quinn by killing or causing bodily injury to her, for her attendance at grand jury proceedings in Case Number 23-CR-37, and for her providing information to law enforcement. (*See* Dkt. 24 at 8-34).

Federal Rule of Criminal Procedure 7(c)(1) requires, among other things, that an indictment contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged. . . ." There are two constitutional requirements for an indictment to be sufficient: (1) it must contain "the elements of the offense charged and

fairly inform[ ] a defendant of the charge against which he must defend," and (2) it must enable the defendant "to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). "Nevertheless, 'an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.'" *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998) (quoting *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992)). "Generally, the indictment does not have to specify evidence or details of how the offense was committed. Simply put, the validity of an indictment is tested by its allegations, not by whether the Government can prove its case." *United States v. Walters*, 963 F. Supp. 2d 125, 130 (E.D.N.Y. 2013) (citation omitted); *see also United States v. Raniere*, 384 F. Supp. 3d 282, 301 (E.D.N.Y. 2019) ("[T]here is a difference between what the Government must prove at trial and what it must plead in the indictment."). In reviewing the facial sufficiency of an indictment, the facts alleged therein must be assumed to be true, and "[c]ontrary assertions of fact by the defendants will not be considered." *United States v. Goldberg*, 756 F.2d 949, 950 (2d Cir. 1985).

"An indictment 'need not be perfect, and common sense and reason are more important than technicalities.'" *United States v. Stringer*, 730 F.3d 120, 124 (2d Cir. 2013) (quoting *United States v. De La Pava*, 268 F.3d 157, 162 (2d Cir. 2001)). Indeed, "common sense must control, and . . . '[a]n indictment must be read to include facts which are necessarily implied by the specific allegations made.'" *United States v. Stavroulakis*, 952

F.2d 686, 693 (2d Cir. 1992) (quoting *United States v. Silverman*, 430 F.2d 106, 111 (2d Cir. 1970), and second alteration in original).

The Court has reviewed Hinkle's motion papers, and the responses and replies thereto. The Court has also carefully reviewed the second superseding indictment. In sum and substance, the second superseding indictment alleges in relevant part that Hinkle is a Wellsville resident and an associate of the Rare Breed Motorcycle Club, and also of defendants Roncone, Knight, and Gogolack. (Dkt. 24 at 7, ¶ 30). With respect to Count 1, the second superseding indictment alleges that Hinkle conspired with others, including Roncone, Knight, and Gogolack, to defraud the United States, influence proceedings, conceal evidence, and make false and misleading statements to law enforcement to prevent Quinn from testifying against defendant Gerace in connection with federal proceedings, including 19-CR-227 and 23-CR-37, and grand jury proceedings. (*See, e.g.*, *id*. at 8-13). The second superseding indictment thereafter details various communications between Quinn and the conspirators, and among the conspirators (including Hinkle), around the time of Quinn's death. (*Id*. at 14-25). With respect to Count 2, the second superseding indictment alleges that Hinkle and others conspired to tamper with a witness—specifically, Quinn—to prevent her from attending and giving testimony for specific federal proceedings, 19-CR-227 and 23-CR-37. (*Id*. at 32-33). And with respect to Count 3, the second superseding indictment alleges that Hinkle and others conspired to retaliate against Quinn for her attendance at grand jury proceedings in 23-CR-37, and for cooperating with law enforcement. (*Id*. at 33-34).

Hinkle argues that the second superseding indictment "is missing the 'how.'" (Dkt. 429 at 3). But as explained above, an indictment need not specify evidence or the details of how an offense was committed. *Walters*, 963 F. Supp. 2d at 130. Rather, an indictment is to be read "to include facts which are necessarily implied by the specific allegations made." *Stavroulakis*, 952 F.2d at 693 (citation omitted); *see also United States v. Helbrans*, 547 F. Supp. 3d 409, 424 (S.D.N.Y. 2021) ("An indictment need only address the 'core of criminality' of an offense, meaning, the essence of a crime in general terms, and not the particulars of how a defendant effectuated the crime," and noting that proving a deficiency under Rule 12(b)(3)(B) "is a laborious task because of the low sufficiency threshold requirement"). Notably, Hinkle's moving papers include no citations to case law or statutes contradicting these well-settled principles, or otherwise supporting his argument that the second superseding indictment as alleged fails to state an offense against him as to counts 1 through 3.

Hinkle further identifies allegations in the second superseding indictment which he contends, standing alone, do not amount to the commission of a crime. (*See, e.g.*, Dkt. 407-1 at ¶ 10 (discussing paragraph 32 of the second superseding indictment, which describes a phone call made from Hinkle to Gogolack, and concluding that "[t]he fact that Mr. Hinkle is alleged to have made a call to an acquaintance . . . does not allege a crime. It alleges that a phone call was made."); *id*. at ¶ 15 ("Paragraph 53 alleges that on August 1, 2023 . . . that Gogolack called Knight and Hinkle and they talked via cell phone. Again, not a crime.")). Hinkle's argument is misplaced. Each allegation included in an indictment need not amount to a crime—rather, it is the entirety of the offense charged that must

amount to a crime. Further, while Hinkle points to various overt acts in the second superseding indictment which he claims are not criminal, "an overt act need not be inherently criminal to support a conspiracy conviction." *United States v. Montour*, 944 F.2d 1019, 1026 (2d Cir. 1991).

Whether the government can prove against Hinkle the charges in the second superseding indictment remains to be seen, but the fact that the indictment lacks additional detail about Hinkle's involvement in the crimes charged (as he describes it, "the how") does not warrant dismissal at this juncture. The second superseding indictment contains sufficient information—including the offenses charged, the objects of the conspiracies and the overt acts supporting them, and specific dates and times as to when the events forming the basis for the alleged crimes occurred—to place Hinkle on notice of the charges levied against him. For those reasons, Hinkle's motion to dismiss counts 1 through 3 of the second superseding indictment against him is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:   July 31, 2025
         Rochester, New York